**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-25-429-D |
| | ) | |
| KYELEIGH GUIDRY ROGERS, | ) | |
| MARY ANN ROGERS, and | ) | |
| KORBYN NATHANIEL ALLEN, | ) | |
| | ) | |
| Defendants. | | |

**<u>ORDER</u>**

Before the Court is the Defendants' Unopposed Motion to Continue Jury Trial and Extend Time Within Which to File Pretrial Motions [Doc. No. 159].[1] Defendants request a continuance of their jury trial from May 12, 2026, to the June 9, 2026, jury trial docket, and an extension of the deadline to file pretrial motions until May 15, 2026. Defendants have each submitted a waiver of speedy trial [Doc. Nos. 161, 163, 167], acknowledging their rights under the Speedy Trial Act, 18 U.S.C. §§ 3161-74, and waiving those rights for the period of delay.

Upon consideration of the motion and the case record, the Court finds that the ends of justice served by granting a one-month continuance outweigh the best interests of the public and Defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *United States v. Toombs*, 574 F.3d 1262, 1272-73 (10th Cir. 2009). Specifically, accepting the

---

[1] Three out of the eight Defendants in this case join this motion. Two of the Defendants have entered a plea of guilty, two of the Defendants have submitted plea paperwork and are awaiting their change of plea hearings, and the eighth Defendant has not yet been arraigned.

representations of counsel, the Court finds for the reasons fully set forth in the motion that denying Defendants' request would deprive them of a reasonable amount of time needed for effective investigation, motion practice, trial preparation, and possible negotiation of a resolution of the charges in the Indictment, taking into account the exercise of due diligence by counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Also, under the circumstances, denying the motion would likely deprive Defendants of effective representation of counsel and result in a miscarriage of justice. *See id.* § 3161(h)(7)(B)(i).

In making these findings, the Court has considered the statutory factors set forth in § 3161(h)(7)(B) and has concluded that the requested continuance is fully consistent with congressional policies and precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. Further, no circumstance is present that would prohibit a continuance pursuant to § 3161(h)(7)(C). Therefore, the time period from May 12, 2026, to June 9, 2026, shall be excluded for purposes of the Speedy Trial Act.

**IT IS THEREFORE ORDERED** that the Defendants' Unopposed Motion to Continue Jury Trial and Extend Time Within Which to File Pretrial Motions [Doc. No. 159] is **GRANTED**. This case is stricken from the May 12, 2026, trial docket and reset on the Court's June 9, 2026, trial docket. The parties shall file all pretrial motions on or before May 12, 2026, and all other pretrial filings shall be submitted in accordance with the Court's Local Criminal Rules.

**IT IS SO ORDERED** this 1st day of May, 2026.

_____

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE